UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TOLULOPE ADEGUNJU,

    Plaintiff,

  v.

TRANSUNION, LLC, *et al.*,

    Defendants.

:

:

Case No. 2:23-cv-1712
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

Tolulope Adegunju, proceeding *pro se*, brings the instant action against TransUnion, LLC; Equifax Information Services, LLC; and Experian Information Solutions, Inc. for willfully violating his rights under the Fair Credit Reporting Act ("FCRA"). (Compl., ECF No. 1.) Experian moves for judgment on the pleadings (ECF No. 19), and Mr. Adegunju has failed to respond. For the following reasons, the Motion is **GRANTED IN PART and DENIED IN PART**.

I.     FACTS[1]

TransUnion, Equifax, and Experian are the three major credit reporting agencies that collect consumer credit and other data in order to provide credit reports to third parties pursuant to the FCRA. (Compl., ECF No. 1.) When Mr. Adegunju accessed his credit report generated by these credit reporting agencies in

---

[1] The Court accepts Mr. Adegunju's factual allegations as true for the purposes of Experian's motion. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted).

January 2023, he discovered that his credit history had inaccurate and unverifiable information, so he notified them about it. (Compl. ¶¶ 10-12.) But the credit reporting agencies continued to provide inaccurate information regarding Mr. Adegunju's transactions and experiences with various companies in his credit report. (*Id.*) None of the credit reporting agencies contacted Mr. Adegunju for authorization before creating a credit report for him nor informed him of what methods and processes they used to verify his information. (*Id.*) As a result of their inaccurate credit reporting, Mr. Adegunju has suffered financial and reputational harm. (*Id.*)

Mr. Adegunju's alleges that TransUnion, Equifax, and Experian violated the FCRA when they continued to "willfully" and "negligently" present inaccurate and unverifiable information in his credit report. His sole claim arises under 15 U.S.C. § 1681b, which pertains to the permissible purposes for which a credit reporting agency may furnish a credit report. (*Id.* ¶¶ 13-14.) First, Mr. Adegunju alleges that the credit reporting agencies provided his credit report and personal information to third parties without his written request in violation of § 1681b(a)(2). (*Id.*) He alleges that none of the agencies contacted him before furnishing a credit report and that he never provided them written or verbal authorization to do so. (*Id.*)

Second, Mr. Adegunju alleges that the three credit reporting agencies violated § 1681b(c) when they issued his credit report with his social security number without his prior authorization. His credit report also had private information about him such as "information pertaining to [his] relationship or

2

experience [with] other entities" in violation of the FCRA. (*Id.* ¶¶ 2-4.) Mr. Adegunju claims that he received denial letters due to the information obtained from these credit reporting agencies. (*Id.*)

Attached to the complaint are over 300 pages of exhibits mostly consisting of what appear to be copies of consumer disclosures that Mr. Adegunju obtained directly from Experian, TransUnion, and Equifax.

II. **STANDARD OF REVIEW**

A motion for judgment on the pleadings made under Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). To overcome such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by [*4] mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A motion for judgment on the pleadings should be granted when there is no material issue of fact, and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

### III. ANALYSIS

Experian argues that it is entitled to judgment on the pleadings for two reasons—(1) the FCRA does not require credit reporting agencies to obtain a consumer's "prior authorization" before furnishing a credit report under § 1681b(a), and (2) Mr. Adegunju has failed to allege any violation of § 1681b(c).

### A. Mr. Adegunju has failed to allege that Experian lacked a permissible purpose under § 1681b(a).

The FCRA restricts access to consumers' credit reports by allowing a credit reporting agency to provide a consumer's credit report to third parties only for certain "permissible purposes." *See generally* 15 U.S.C. § 1681b. Section 1681b(a) states that a credit reporting agency may permissibly furnish a credit report in six circumstances: (1) at the request of a court or grand jury; (2) at the request of a consumer in writing; (3) at the request of a person the reporting agency believes will use the information in connection with a credit transaction, employment purposes, insurance underwriting, license or other benefits; (4) in response to a request by a child support enforcement agency; (5) to an agency which administers a State child support collection plan; and (6) to the Federal Deposit Insurance Corporation or National Credit Union Administrator in preparation for an appointment of a conservator, receiver, or liquidating agent for an insured institution. *See id.* §§ 1681b(a)(1)-(6).

Mr. Adegunju asserts that Experian did not have a permissible purpose to furnish his credit report based on the second element—Experian issued a credit report without his express, written consent and "prior authorization." But Mr.

4

Adegunju erroneously concludes that a credit reporting agency may provide a credit report *only* with the written authorization of the consumer. He does not allege that Experian's furnishing of his credit report did not comply with the other five permissible purposes for issuing a credit report, none of which require the written consent of the consumer. *Wisdom v. Experian Info. Sols., Inc.*, No. 1:22-CV-01091, 2024 WL 1720887, at *2 (N.D. Ohio Apr. 22, 2024) (internal quotation omitted). Thus, Mr. Adegunju has failed to state claim for relief under § 1681b(a).

> **B. Mr. Adegunju has alleged that Experian lacked a permissible purpose under § 1681b(c).**

FCRA permits a credit reporting agency to furnish a consumer's credit report to third parties in connection with credit and insurance transactions that are not initiated by the consumer. *See* 15 U.S.C. § 1681b(c). In these types of transactions, the credit reporting agency may provide a credit report only if the consumer gives authorization or if "the transaction consists of a firm offer of credit or insurance." *Id.* § 1681b(c)(1)(A), (B)(i). If the consumer does not authorize the credit or insurance transaction, FCRA provides that certain categories of information should not be included on a consumer's credit report: in those circumstances, the credit report may contain only the name and address of the consumer, an identifier that is not unique to the consumer, and other information pertaining to the consumer that does not identify the relationship or experience of the consumer with respect to a particular creditor or other entity. *Id.* §§ 1681b(c)(2)(A)-(C).

Mr. Adegunju alleges that Experian furnished credit reports to third parties without his authorization, that it provided his social security (a unique identifier),

5

and it shared private information pertaining to his relationship or experience with other entities. But, under § 1681b(c), a request by Mr. Adegunju is not the only permissible reason to provide a credit report to a third party. That his credit report had been provided to third parties without his permission does not necessarily give rise to an FCRA violation under § 1681b(c). *See Hopper v. Credit Assocs.*, No. 2:20-cv-522, 2021 U.S. Dist. LEXIS 44623, at *8 (S.D. Ohio Mar. 10, 2021) (Sargus, J.) ("In allowing consumer agencies to release information for the purpose of a 'firm offer of credit,' Congress 'balance[d] any privacy concerns created by pre-screening with the benefit of a firm offer of credit or insurance for all consumers identified through the screening process.'").

Experian argues that Mr. Adegunju merely parrots the language of §§ 1681b(c)(2)(B) and (C) and fails to allege that it disclosed a unique identifier or other information that identifies his relationship with respect to a particular creditor. While Experian does not need Mr. Adegunju's permission to provide his credit report to third parties, Experian can only provide his social security number and other private information to third parties when it does not have his permission. Mr. Adegunju avers that Experian furnished his social security number and other private information to third parties. Based on these allegations, Mr. Adegunju has sufficiently alleged that Experian furnished his unique identifier and private information without his authorization. He has sufficiently alleged that Experian violated 15 U.S.C. § 1681b(c)(2).

6

## IV. CONCLUSION

For these reasons, Defendant Experian Information Solutions, Inc.'s Motion for Judgment on the Pleadings is **GRANTED IN PART and DENIED IN PART**. Judgement is **GRANTED** in favor of Experian on Count I.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**