UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TOLULOPE ADEGUNJU,

    Plaintiff,    :

  v.                                       Case No. 2:23-cv-1712
                                                    Chief Judge Sarah D. Morrison
                                                    Magistrate Judge Kimberly A.
TRANS UNION, LLC, *et al.*,            Jolson

    Defendants.  :

**OPINION AND ORDER**

This matter is before the Court on two Motions for Summary Judgment filed by Experian Information Solutions, Inc. (ECF No. 23) and Trans Union, LLC (ECF No. 24). Tolulope Adegunju did not respond to either Motion. The Court has reviewed the record and finds that Mr. Adegunju has failed to establish that he has standing to bring his claims against Experian and Trans Union. Accordingly, both Motions are **GRANTED**.

**I.    BACKGROUND**

Mr. Adegunju, proceeding *pro se*, filed this action against TransUnion, Experian, and Equifax Information Services, LLC, alleging that they had "willfully" and "negligently" violated his rights under the Fair Credit Reporting Act ("FCRA") by presenting certain information in his credit report. (Compl., ECF No. 1, ¶¶ 10– 12.) He asserts two FCRA violations: (1) that Defendants furnished his consumer report and personal information to third parties without his prior written authorization in violation of 15 U.S.C. § 1681b(a)(2); and (2) that Defendants

furnished non-public information about him without his authorization in violation of 15 U.S.C. § 1681b(c). (*Id.*, ¶ 14.)

The Court previously granted judgment on the pleadings to Experian on Mr. Adegunju's claim under § 1681b(a)(2). (ECF No. 22, PAGEID # 486.) Experian and Trans Union now move for summary judgment on the remaining claims.

## II. ANALYSIS

Federal courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). Pursuant to Article III of the United States Constitution, standing is necessary to the exercise of jurisdiction and "determin[es] the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). If the plaintiff lacks standing, then the federal court lacks jurisdiction. *Tennessee Gen. Assembly v. U.S. Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019). Because standing inquiries go to the Court's authority to hear a matter, the Court must address those concerns before considering the merits of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998).

As a general matter, a plaintiff has constitutional standing under Article III if it (1) suffered an injury in fact (2) that is fairly traceable to the challenged conduct of the defendant(s) and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The plaintiff carries the burden to establish these requirements and cannot at the summary judgment stage "rely on

2

allegations alone but must set forth evidence demonstrating his standing." *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019).

Experian challenges Mr. Adegunju's standing to bring claims against it, arguing that he has failed to meet the elements listed above. (ECF No. 23, PAGEID # 494.) Mr. Adegunju has neither responded to Experian's summary judgment arguments nor offered any evidence that he suffered an injury in fact that is fairly traceable to Experian. Thus, Mr. Adegunju has not established that he has standing to assert his claims against Experian.

As to Trans Union, Mr. Adegunju has admitted, among other things, that he was not damaged because of any act or omission on the part of Trans Union.[1] (ECF No. 24-1, PAGEID # 550.) Specifically, Mr. Adegunju was not denied credit; did not incur any medical expenses; did not suffer any emotional distress, humiliation, embarrassment, or mental anguish; and did not suffer any out-of-pocket loss because of any actions by Trans Union. (*Id.*) Mr. Adegunju has failed to establish that he has standing for his claims against Trans Union.

---

[1] Federal Rule of Civil Procedure 36 permits a party "to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact." *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017). By operation of law, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). In this case, Mr. Adegunju failed to respond to Trans Union's discovery requests, including numerous requests for admission concerning his claims and alleged injuries, nor did he file a motion for relief. (ECF No. 24-1, PAGEID # 518.) Thus, he has admitted and conclusively established as fact all statements therein.

### III. REMAINING DEFENDANT

As a result of the Court's analysis, the only remaining Defendant is Equifax Information Services, LLC. However, there is no evidence in the record that Equifax was ever served with process in this case.

Rule 4(m) of the Federal Rules of Civil Procedure provides that if service is not effectuated within ninety (90) days after the complaint is filed, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Mr. Adegunju has failed to serve the summons and Complaint on Equifax. It is his burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73. He is **ORDERED** to show cause **within fourteen (14) days** why his claims against Equifax should not be dismissed without prejudice under Rule 4(m).

### IV. CONCLUSION

Experian's Motion for Summary Judgment (ECF No. 23) and Trans Union's Motion for Summary Judgment (ECF No. 24) are **GRANTED**.

Mr. Adegunju is hereby **ORDERED** to show cause **within fourteen (14) days** why his claims against Equifax should not be dismissed without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**